COMMONWEALTH, ET AL., *v.* M. N. DePANE.

**Criminal Law—Money as Bail.**

> Money may be paid to the trustee of the jury fund, and a certificate of such payment be filed with the clerk in lieu of bail in a criminal case. The money thus deposited belongs to the defendant where he pays it, and by surrendering himself into custody at any time he is entitled to the money and the clerk must pay it out on his order.

### APPEAL FROM LINCOLN CIRCUIT COURT.

December 10, 1874.

OPINION BY JUDGE PETERS:

The 84th section of the Criminal Code provides that wherever the defendant is admitted to bail in a specified sum, he may deposit said sum with the trustee of the jury fund of the county in which the trial is directed to be had, and take from the trustee a certificate of such deposit, upon delivering which to the officer in whose custody he is, he shall be discharged.

This is the only law, of which we are aware, which authorizes the discharge of prisoners from custody by a deposit of a sum of money. That deposit must be of the sum specified, and the officer having the prisoner in custody is only authorized to discharge him upon the delivery to him of the certificate of the trustee of the jury fund that the deposit is made with him.

Adams might, at any time after the money had been deposited with the clerk of the circuit court, have required the surrender of the money to him by said clerk. The clerk had no legal right to retain it, and when he received it, he held it subject to the order of Adams, the defendant; and the commonwealth acquired no claim on it whatever. The clerk was not its agent; by receiving the money he became the debtor to Adams for the amount, and Adams, by his assignment, could have transferred his right to his assignee, and a creditor would attach it and have it applied to the satisfaction of his debt. This appellee did to indemnify him for the horses stolen from him by Adams, the owner thereof. The commonwealth has manifested no right to the money, and the judgment in favor of appellee has prejudiced none of its rights or of the rights of Miller, the custodian.

The amendment to Sec. 61, of the Criminal Code, confers the power on the clerk of the circuit court, after the term, to take the bail in the absence of the judge; and after there has been a commitment by the court, and the amount of bail fixed, in such cases the clerk of the circuit court may take the bail in the absence of the judge. This is the extent of his power, and it is as logical to say that the trustee of the jury fund could take the bail under this authority given to the clerk, as to say the latter could receive the deposit and certify the fact to the officer having the defendant in custody, and thereby effect his discharge.

Wherefore, as the judgment is neither prejudicial to Miller nor the commonwealth, let it be *affirmed.*

*George W. Dunlap, John Rodman, for appellants.*
*Breckenridge & Fox, for appellee.*